IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Alphonso D. Baylor, )
    Petitioner, )
)
v. ) 1:10cv1206 (AJT/TCB)
)
Harold W. Clarke,[1] )
    Respondent. )

## MEMORANDUM OPINION

Alphonso D. Baylor, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of firearms offenses in the Circuit Court for the City of Portsmouth, Virginia. On February 4, 2011, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Baylor was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply with additional exhibits on February 18, 2011. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed. Contained with petitioner's reply is a request for an evidentiary hearing, which will be denied.

### I. Background

On June 26, 2006, following a bench trial, Baylor was convicted of possession of a firearm by a convicted felon and discharging a firearm in a public place. Case No. CR06000791,

---

[1] Former respondent Gene M. Johnson retired from his position as Director of the Virginia Department of Corrections on November 18, 2010, and has been succeeded by Harold W. Clarke. Accordingly, Director Clark is automatically substituted as respondent pursuant to Fed. R. Civ. P. 25(d).

1

CR06000792. The underlying facts were described by the Virginia Court of Appeals as follow:

> Jackie Williams lived across the street from appellant's mother's house for over thirty years. Appellant lived there with his mother. Williams testified that he was on his front porch one evening when he saw appellant arguing with Tamelia, appellant's girlfriend, in the front yard. Williams heard Tamelia call out appellant's first name, Alphonso. Williams then heard a gunshot and saw a muzzle flash beside Tamelia's car. Appellant was standing outside the car while Tamelia and two other girls were sitting inside the car. The two girls got out of the car and ran across the street screaming. Tamelia sped away. Williams invited the two girls into his house where they called the police. Tamelia returned about five minutes later. Appellant again fired a gun in her direction, and she drove away. It was dark outside, Williams explained, but there was a streetlight on the corner and he could see that it was appellant shooting the gun. Williams was about 100 feet away from appellant.
>
> \* \* \*
>
> Appellant testified on his own behalf that he was not there that evening. He has a twin brother, he explained, and it must have been his twin who was shooting. Upon recall, Williams testified that he knew appellant had a twin brother but was sure appellant was the man firing the gun that night.

Baylor v. Commonwealth, R. No. 2162-06-1 (Va. Ct. App. Apr. 4, 2007), slip op. at 1 - 2. On August 28, 2006, Baylor was sentenced to serve five years and ten months in prison. Resp. Ex. A.

Baylor appealed his conviction to the Virginia Court of Appeals, arguing that the evidence was insufficient to prove that he was the person who possessed the firearm. By final order entered April 4, 2007, the petition for appeal was denied. Baylor v. Commonwealth, supra. Baylor sought review of that decision by the Supreme Court of Virginia, but his petition for appeal was refused. Baylor v. Commonwealth, R. No. 070793 (Va. Aug. 17, 2007).

Baylor next submitted a petition for a state writ of habeas corpus to the Circuit Court for the City of Portsmouth, raising the following claims:

2

1. The judgment for the misdemeanor of discharging a firearm in public is void because the record does not show that he waived his right to a jury trial with the concurrence of the Commonwealth's Attorney and the court.

2. He received ineffective assistance of trial counsel where his attorney:

    a. failed to object to Jackie Williams' hearsay identification of him as the shooter;

    b. failed to object to a police officer's testimonial hearsay identification of him as the shooter;

    c. failed to impeach Jackie Williams with a prior inconsistent statement; and

    d. had an actual conflict of interest.

3. He received ineffective assistance of appellate counsel where the issue of the void misdemeanor judgment was not assigned as error.

By Final Order entered July 24, 2009, Baylor's state habeas application was denied and dismissed with prejudice. Resp. Ex. D. Baylor sought review of that result by the Supreme Court of Virginia, which found no reversible error and refused the petition for appeal. Baylor v. Dir., Dep't of Corrections, R. No. 100689 (Va. Oct. 15, 2010); Resp. Ex. F.

Baylor timely filed the instant federal petition on October 19, 2010,[2] reiterating claims 2 and

---

[2] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Baylor certified that he placed his petition in the prison mail system on October 19, 2010, and the petition was date-stamped as received by the Clerk on October 21, 2010. Pet. at 1.

3

3 of the claims he raised in the state habeas proceeding, as listed above. Respondent has filed a Rule 5 Answer and a Motion to Dismiss, along with the notice required by Roseboro, 528 F.2d at 309, and petitioner has filed a reply with exhibits. Based on the pleadings and record before this Court, it is uncontested that Baylor has exhausted his present claims in the state forum, as required under 28 U.S.C. § 2254.[3] Accordingly, this matter is now ripe for review.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions

---

[3]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

4

but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

In his first federal claim, Baylor argues that he received ineffective assistance of trial counsel for several reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir.

2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In the first subclaim of claim one, Baylor contends that he received ineffective assistance of trial counsel when his attorney failed to object to Jackie Williams' hearsay identification of him as the shooter. When this same claim was presented to the Virginia Court of Appeals, it was rejected on the following holding:

> In claim (b)(1) Baylor alleges his trial counsel was ineffective for failing to object to Jackie Williams's 'hearsay identification' of Baylor as the shooter. The Court finds that the record does not support this allegation. Jackie Williams testified that he saw Baylor, who had been his neighbor for a substantial period of time, fire shots at Baylor's girlfriend. On cross-examination, Williams was asked about his identification of the shooter and he testified: 'Well, I *knew* it was Alphonso, but after she hollered Alphonso's name, that was a positive I.D." Williams was an eye-witness to the shooting; therefore, his testimony was not hearsay. Under these circumstances, his counsel was not ineffective for failing to object on that ground because such an objection would have been without merit. See Correll v. Commonwealth, 232 Va. 454, 470, 352 S.E.2d 352, 361 (1987) (holding counsel had no duty to object to admission of presentence report because it was admissible); see also Moody v. Polk, 403 F.3d 141, 151 (4th Cir. 2005), cert. denied, 546 U.S. 1108 (2006) (holding counsel not required to file frivolous motions). Claim (b)(1) is dismissed because it does not satisfy either prong of the Strickland test.

Resp. Ex. D at 5- 6, emphasis original. Because the foregoing order was the last reasoned state court

decision on the claims at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). For the reasons which are amply explained in the state court's order, its finding that Baylor was entitled to no relief on his first argument was both factually reasonable and in accord with controlling federal authority. Strickland, supra. Consequently, the same result is compelled here. Williams, 529 U.S. at 412-13.

In his second subclaim, Baylor argues that his trial counsel provided ineffective assistance when she failed to object to a police officer's identification of Baylor as the shooter. The Virginia Court of Appeals found this position to be without merit for the following reasons:

> In claim (b)(2) Baylor alleges his trial counsel was ineffective for failing to object to Officer McIver's 'testimonial hearsay identification' of Baylor as the shooter. The Court holds Baylor is not entitled to relief on this claim. During his testimony, the Commonwealth's Attorney asked Officer McIver if his investigation had yielded the shooter's identity. Although Officer McIver identified his sources, Baylor suffered no prejudice because the officer properly could have testified that his investigation revealed that Baylor was the shooter. Given the circumstances, counsel was not constitutionally deficient for not objecting. Moreover, this case was tried to the Court and not to a jury; the trial judge is presumed to have disregarded any improper evidence. See Overton v. Commonwealth, 260 Va. 599, 604, 539 S.E.2d 421, 424 (2000); Pierce v. Commonwealth, 50 Va. App. 609, 617, 652 S.E.2d 785, 790 (2007) (internal citations and quotations omitted). In any event, Baylor cannot demonstrate a reasonable probability of a different result had counsel objected because an eye-witness identified Baylor as the shooter. Claim (b)(2) is, therefore, dismissed because it fails to satisfy either prong of the Strickland test.

Resp. Ex. D at 6 - 7.

For the reasons stated in its foregoing order, the state court's finding that counsel's failure to object to a police officer's testimony that Baylor was the shooter did not amount to constitutionally deficient performance was based on a reasonable interpretation of the facts and was

7

in accord with Strickland, supra. Therefore, the claim likewise must be denied here. Williams, 529 U.S. at 412-13.

In his third subclaim, Baylor faults trial counsel for failing to impeach Jackie Williams with a prior inconsistent statement. The state courts found no merit to this claim, as follows:

> In claim (b)(3) Baylor alleges his trial counsel was ineffective for failing to impeach Jackie Williams with what Baylor contends was his prior inconsistent testimony. At the preliminary hearing in the Portsmouth General District Court, Williams stated he did not know Baylor was the shooter until he heard someone call out Baylor's first name. He went on to testify, however, that after the victim's car drove away, Baylor 'was standing in the driveway.' At trial, Williams explained that he 'knew it was Alphonso, but after she hollered Alphonso's name, that was a positive I.D." Moreover, Williams testified that when the victim returned to the neighborhood, Baylor 'came out and fired at her or shot in her direction.'
>
> The Court finds trial counsel was not deficient for not 'impeaching' Williams on this point. Whether or not Williams was able to immediately identify Baylor is not relevant. Williams, who had known Baylor for thirty years, testified that he saw Baylor shoot at the victim three times. The mere fact that a shout caught Williams's attention initially does not render his testimony inconsistent or incredible and it does not undermine his identification of Baylor as the shooter.
>
> Moreover, Baylor has not demonstrated prejudice. Baylor elected to testify in his defense; thus, he put his own credibility at issue. See, e.g., Pierce v. Commonwealth, 50 Va. App., 609, 615, 652 S.E.2d 785, 788 (2007) (noting that witnesses, including criminal defendant, place their credibility at issue by testifying). The Court did not credit Baylor's testimony. Having rejected Baylor's account, the court could properly 'draw the reasonable inference that his explanation was made falsely in an effort to conceal his guilt.' Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004); Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982) (same). Claim (b)(3) is dismissed because it does not satisfy either prong of the Strickland test.

Resp. Ex. D at 7 - 8.

For the reasons articulated by the state court, the impeachment of Jackie Williams in the manner Baylor now suggests would not have resulted in Baylor's acquittal of the charges he faced. Accordingly, because its decision to deny relief on the instant claim was based on a reasonable determination of the facts and was in accord with Strickland, supra, the same result must occur here. Williams, 529 U.S. at 412-13.

In his fourth and final subclaim of ineffective assistance at trial, petitioner contends that he his attorney labored under an actual conflict of interest. The state courts found this assertion to be without merit for the following reasons:

> In claim (b)(4) Baylor alleges he received ineffective assistance at trial because his attorney had an actual conflict of interest in that she was employed as a Commonwealth's Attorney during the representation. The Court holds this claim is factually and legally without merit. Baylor's exhibit makes clear that counsel is employed by the Commonwealth's Attorney in Newport News, not Portsmouth. Moreover, the trial record makes plain that counsel did not begin that employment until after Baylor's trial. There is no presumption of a conflict of interest, even when the attorney is currently employed by the Commonwealth in a different jurisdiction. See Beaver v. Thompson, 93 F.3d 1186, 1192 (4th Cir. 1996) (rejecting a claim of conflict of interest where defense counsel also served 'as a part-time assistant Commonwealth attorney' in another jurisdiction). Rather, '[t]he burden of establishing an alleged conflict of interest between and attorney and his client is upon the person who asserts such a conflict.' Turner v. Commonwealth, 259 Va. 819, 528 S.E.2d 112, 114 (2000).
>
> '[T]he purpose of providing assistance of counsel is simply to ensure that criminal defendants receive a fair trial, and ... in evaluating Sixth Amendment claims, the appropriate inquiry focuses on the adversarial process, *not* on the accused's relationship with his lawyer as such.' Wheat v. United States, 486 U.S. 153, 159 (1988) (emphasis added). Therefore, absent an objection, a defendant must demonstrate that 'a conflict of interest actually affected the adequacy of his representation.' Mickens v. Taylor, 535 U.S. 162, 168 (2002); see also Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). Baylor's burden is two-fold, he must show: (1) an actual conflict of interest; and (2)

9

an adverse effect on counsel's performance. Once a petitioner has met both burdens, 'prejudice will be presumed *only if* the conflict has significantly affected counsel's performance - thereby rendering the verdict unreliable, even though Strickland prejudice cannot be shown.' Mickens, 535 U.S. at 172-73 (emphasis added); see also Fullwood v. Lee, 290 F.3d 663, 689 (4th Cir. 2002) ('Once the petitioner establishes both an actual conflict of interest and an adverse effect on defense counsel's performance, then prejudice to the defense is presumed a new trial must be ordered.'). Baylor has not satisfied either part of this two-part test.

'To establish an actual conflict of interest, the petitioner must show that his interests diverge[d] with respect to a material factual or legal issue or to a course of action.' Mickens v. Taylor, 227 F.3d 203, 213 (4th Cir. 2000), aff'd 535 U.S. 162 (internal citation and quotation omitted); State v. Gillard, 679 N.E.2d 276, 282 (Ohio 1997). In other words, the petitioner 'must show that there was some plausible alternative defense strategy or tactic that might been pursued, an alternative strategy that was inherently in conflcit with or not undertaken due to the attorney's other loyalties or interests.' Guaraldi v. Cunningham, 819 F.2d 15, 17 (1st Cir. 1978); see also United States v. Gilliam, 975 F.2d 1050, 1059 (4th Cir. 1992) (Hamilton, J., dissenting). Baylor has not demonstrated that an actual conflict of interest existed. At best, his claim shows only a potential conflict. See Turner, 259 Va. at 280, 528 S.E.2d at 114. Merely pointing to a potential conflict is not sufficient to meet the Mickens standard.

Baylor has also failed to demonstrate an adverse effect on counsel's representation of him. 'Adverse effect cannot be presumed from the mere existence of a conflict of interest.' Rubin v. Gee, 292 F.3d 396, 401 (4th Cir. 2002) (citations and quotations omitted). Instead, *even if* an actual conflict of interest is established, the burden remains on the petitioner to demonstrate an adverse effect on his defense. See Mickens, 53 U.S. at 168. Baylor has not met this burden, nor can he. See Burket v. Angelone, 208 F.3d 172, 186 (4th Cir. 2000) (failure to show that counsel did not pursue a plausible defense strategy or tactic on account of an actual conflict of interest does not entitle petitioner to relief). Baylor complained of trial counsel's supposed conflict of interest at sentencing and the Court previously held counsel did a good job on Baylor's behalf. Baylor may not relitigate that point. Moreover, Baylor's allegations in support of his claim are conclusory and rest mostly on his other allegations of ineffective assistance which - for the reasons set forth above - are without merit. Claim

10

(b)(4) must be dismissed because it does not satisfy the Mickens standard for demonstrating a Sixth Amendment violation.

Resp. Ex. D at 9 - 11.

As the state court found, Baylor fails to demonstrate either that his attorney had an actual conflict of interest or that his defense was in any way adversely affected by counsel's efforts. Therefore, the dismissal of this claim by the state habeas court was fully in accord with controlling federal precedent, Cuyler, supra, so no relief is warranted here. Williams, 529 U.S. at 412-13.

In his second federal claim, Baylor argues that his appellate counsel provided ineffective assistance by failing to assign as error the fact that the misdemeanor judgment was void. When Baylor made this same argument in his state habeas corpus proceeding, it was rejected for the following reasons:

> In claim (c) Baylor alleges that he received ineffective assistance of counsel on appeal because counsel failed to raise the issue of the void misdemeanor judgment. The Court holds this claim is without merit. At the threshold, counsel's choice of which issues to raise on appeal is virtually unassailable. See Jones v. Barnes, 463 U.S. 745 (1983) (counsel cannot be found ineffective for failing to raise every non-frivolous issue identified by a defendant); Townes v. Commonwealth, 234 Va. 307, 320, 362 S.E.2d 650, 657 (1987) (appellate counsel decides what questions should be raised on appeal). ... [C]ounsel is not constitutionally obligated to raise every possible claim on appeal and a failure to do so does not render counsel's performance deficient.
>
> Moreover, Baylor cannot meet his burden under Strickland to show prejudice. As noted above in relation to claim (a), the error of which Baylor complains was merely clerical; thus, it was subject to correction at any time and, indeed, has been corrected. See Code § 8.01-428(B). Had appellate counsel raised the issue on direct appeal, the error would have been corrected sooner, however, the end result would have been precisely the same. Given that there is no probability of a different result had counsel raised the issue on appeal, Baylor cannot demonstrate that he suffered any prejudice. Accordingly, claim (c) is dismissed because it satisfies neither prong

of the Strickland test.

Resp. Ex. D at 11 - 12.

The record reveals that Baylor contended as part of his state habeas corpus petition that his misdemeanor conviction of discharging a firearm in a public place was void because the judgment failed to recite that he had voluntarily waived his right to a jury trial with the concurrence of the Commonwealth's Attorney and the Court. Because the trial record affirmatively established that there was in fact a voluntary waiver of a jury trial with the concurrence of the Commonwealth and the court, the court determined that the omission from the judgment was a mere clerical error subject to correction, and entered a nunc pro tunc order so that the record would accurately reflect what had transpired. Under these circumstances, as the state habeas corpus court found, any argument by appellate counsel that the conviction of discharging a firearm in a public place was void would not have resulted in vacation or reversal of the conviction. Accordingly, Baylor cannot show that he was prejudiced when counsel omitted such an argument, and he cannot satisfy the requirements of Strickland. See Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987) (Strickland analysis applies to claims of ineffective assistance on appeal as well as at trial). Since the state courts' decision to deny relief on the instant claim thus was both factually reasonable and in accord with applicable federal authority, the claim likewise must be rejected here. Williams, 529 U.S. at 412-13.

### V. No Evidentiary Hearing is Warranted

Incorporated within petitioner's Opposition to Motion to Dismiss is a motion for an evidentiary hearing in this action. A federal court must grant an evidentiary hearing to a habeas applicant where: (1) the merits of the factual dispute were not resolved in a state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a

substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas petitioner a full and fair fact hearing. Townsend v. Sain, 372 U.S. 293, 313 (1963). As petitioner's claims can be thoroughly addressed on the existing record, and because he is not entitled to further evidentiary development of his claims pursuant to any of the Townsend factors, petitioner's request for an evidentiary hearing is without merit and will be denied. Conaway v. Polk, 453 F.3d 567, 582 (4th Cir. 2006) (noting that a habeas petitioner is entitled to an evidentiary hearing in federal court if he can establish one of the six factors enumerated in Townsend); cf. Green v. Johnson, 431 F. Supp.2d 601, 608-17 (E.D. Va. 2006) (granting an evidentiary hearing where a petitioner's mental impairments remained disputed, and he was not afforded a full and fair hearing in state court to resolve the disputes).

## VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for habeas corpus relief will be dismissed with prejudice. An appropriate Order shall issue.

Entered this _17th_ day of _June_ 2011.

/s/
United States District Judge

Alexandria, Virginia